```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:11-CR-00065 |
| v. | : | **OPINION AND ORDER** |
| SHALABY KEYS. | : |  |

This matter is before the Court on Defendant's Motion for Transcript of Suppression Hearing at Government's Expense (doc. 29), and the government's Response in Opposition (doc. 33). Also before the Court is the government's Motion to Continue Trial (doc. 32), and Defendant's Response in Opposition (doc. 34). For the reasons indicated herein, the Court DENIES Defendant's motion but GRANTS the government's motion.

**I.  The government's Motion to Continue**

The Court will address the government's motion first. The government seeks to continue the trial of this matter, currently scheduled for August 16, 2011, to September 13, 2011, which would still be a date falling within the Speedy Trial deadline of September 20, 2011 (doc. 32). The government requests such brief continuance because it indicates a key witness will be out of the country due to a prior commitment (Id.).

Defendant opposes any continuance, contending he has been incarcerated on the facts alleged in the Indictment since April 20,

2011, and he wants the trial date maintained on August 16, 2011, so that this matter will be resolved (doc. 34). Defendant further argues his girlfriend is due to give birth to their child on or about September 9, 2011, and therefore would likely not be available for the trial (Id.). Defendant claims she is a potential witness on his behalf (Id.).

Having reviewed this matter, the Court finds the government's motion well-taken. A brief continuance of this matter does not materially prejudice Defendant, and the trial date still falls within the parameters of the Speedy Trial Act, 18 U.S.C. § 3161. As there is no evidence regarding Defendant's girlfriend in the record, which the Court scrutinized in evaluating Defendant's Motion to Suppress, the Court finds no basis for her availability or lack thereof to affect the trial of this matter. The Court has an inherent authority to manage its docket, Link v. Wabash, 370 U.S. 626, 630-31 (1962), and the Court finds it appropriate in this instance to exercise such authority so as to ensure a trial with all of the government's witnesses present. As such, the Court GRANTS the government's motion and RESETS this matter for trial commencing on September 13, 2011.

**II. Defendant's Motion for Transcript At Government Expense**

Defendant requests a copy of the transcript of the hearing on his motion to suppress, which took place on August 3, 2011 (doc. 29). Defendant indicates he is indigent and cannot

2

afford the cost of such transcript, which is necessary for him to prepare for trial (Id.).

The government opposes such request, stating that it will order an "expedited original" of the transcript for a total cost of $427.00 (doc. 33). Because Defendant will be able to order a copy of such transcript for only .90 a page, the copy of the 88-page transcript will cost Defendant about $80.00 (Id.). The government indicates in its view that Defendant should be responsible for the cost of such copy (Id.).

The Court agrees with the government. Defendant has cited to no authority, nor is the Court aware of any authority, that requires the government to cover the cost of Defendant's hearing transcript. Under 28 U.S.C. § 753(f), Court Reporters are authorized to charge and collect transcript fees at prescribed rates, and the government is required to pay such fees when a Defendant is proceeding under the Criminal Justice Act, 18 U.S.C. 3006A or in habeas corpus proceedings where a Defendant is proceeding in forma pauperis. Because Defendant is not proceeding under the Criminal Justice Act, and this is not a habeas proceeding in which he has qualifed as proceeding in forma pauperis, the Court finds no statutory basis to require the government to cover such cost. Moreover, the Court does not find such cost prohibitive in this instance, and with the continuance of the trial date, Defendant should have more than adequate time to obtain a copy so

3

as to prepare for trial.

**III. Conclusion**

For the reasons indicated herein, the Court DENIES Defendant's Motion for Transcript of Suppression Hearing at Government's Expense (doc. 29), and GRANTS the government's Motion to Continue Trial (doc. 32). The Court VACATES the August 16, 2011 trial date in this matter (doc. 15), and RESETS the two-day jury trial to commence on September 13, 2011.

SO ORDERED.

Dated: August 10, 2011     /s/ S. Arthur Spiegel

                               S. Arthur Spiegel
                               United States Senior District Judge